IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-11374 RCL

| | |
|---|---|
| XRAMP TECHNOLOGIES, INC. and ) <br> XRAMP SECURITY SERVICES, INC. ) <br> ) <br> Plaintiffs, MAGISTRATE JUDGE Sorokin ) <br> ) <br> v. ) <br> ) <br> GEOTRUST, INC., and ) <br> CHRISTOPHER BAILEY ) <br> ) <br> Defendants. ) <br> ) | NO. _____ <br><br> BBO #057420 <br> #539030 <br><br> RECEIPT # 65302 <br> AMOUNT $ 250 <br> SUMMONS ISSUED Yes <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> DATE 6/29/05 |

## COMPLAINT AND JURY DEMAND

### I. PARTIES.

1. The Plaintiff XRAMP Technologies, Inc. ("XRAMP Technologies") is a Texas corporation with a principal place of business in San Antonio, Texas.

2. The Plaintiff XRAMP Security Services, Inc. ("XRAMP Security") is a Texas corporation with a principal place of business in San Antonio, Texas.

3. The Defendant GeoTrust, Inc. ("GeoTrust") is a Delaware Corporation with a principal place of business in Needham, Massachusetts.

4. The Defendant Christopher Bailey ("Bailey") is an individual and resident of Atlanta, Georgia. At all operative times, Bailey was a Co-Founder, Vice President of Business Development, and thus an agent and/or employee of the Defendant GeoTrust.

### II. JURISDICTION AND VENUE.

5. This Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331 and 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000 as required by 28 U.S.C. sec. 1332(a).

6. This Court has jurisdiction over the Defendants by virtue of GeoTrust's residence in, and conduct of business within, the Commonwealth.

### III. FACTUAL ALLEGATIONS.

7. The Plaintiffs XRAMP Technologies and XRAMP Security and the Defendant GeoTrust are in the business of selling SSL certificates, which are also known as "digital certificates" or "secure certificates." SSL certificates provide for secure, encrypted communications between a web browser and a web server so that persons using the Internet may transmit sensitive information, such as credit card information, with the confidence that such transmissions are confidential, private and secure.

8. SSL certificates are sold worldwide by a limited number of business competitors known as "certificate authorities." The Plaintiffs XRAMP Technologies and XRAMP Security and the Defendant GeoTrust are "certificate authorities" and are in business competition with each other.

9. The SSL certificates sold in the marketplace by the Plaintiffs XRAMP Technologies and XRAMP Security and by the Defendant GeoTrust are functionally equivalent to each other, although the Plaintiffs generally offer their SSL certificates to potential customers at a lower price than the Defendant GeoTrust.

10. The Defendant Bailey and the Defendant GeoTrust conspired to create and promote a web site on the Internet captioned www.sslreview.com ("SSLREview"). The Defendant Bailey was the registrant and owner of the domain name www.sslreview.com. This web site purported to provide independent, unbiased, third-party information and/or seemingly objective reviews of SSL certificate authorities, including the Defendant GeoTrust and the Plaintiffs XRAMP Technologies and XRAMP Security.

11. At all operative times, the Defendant Bailey, as Co-Founder and Vice President of Business Development for the Defendant GeoTrust, acted within the course and scope of his employment and/or agency relationship with the Defendant GeoTrust. The defendant GeoTrust is thus vicariously liable for the acts and omissions of its employee and/or agent, the Defendant Bailey.

12. The information published on the web site www.sslreview.com was anonymously published, edited, and/or approved jointly by the Defendant Bailey and the Defendant GeoTrust. The web site www.sslreview.com failed to state that essentially all of the contributors and/or authors of content on this site were previously employed by and/or affiliated with the Defendant GeoTrust.

13. Defendant Bailey and the Defendant GeoTrust conspired to hide the true origin and identity of the authors of content on the web site www.sslreview.com. A section of the web site originally captioned "About Us" expressly misrepresented that the site had "been written based on a number of contributions from numerous active participants in the industry, including industry experts that have been involved with Equifax, GeoTrust, Verisign, FreeSSL and Comodo." In addition, the Defendant Bailey registered the domain name using his home address as the registration address and his personal email address of chris_bailey@bus.emory.edu, rather than his GeoTrust email address.

14. The Defendant Bailey and the Defendant GeoTrust used the web site www.sslreview.com to publicize erroneous, false, biased and disparaging "reviews" and/or deceptive and misleading statements about the products and services offered by the Defendant GeoTrust's competitors, including the Plaintiffs XRAMP Technologies and XRAMP Security. Among other misrepresentations, the Defendants Bailey and GeoTrust stated that the Plaintiffs were a "temporary-pseudo certification authority," that they were "unstable" because they relied on certifications by others, and that they were an unreliable and/or untrustworthy source for SSL certificates.

15. The Defendants Bailey and GeoTrust advertised their web site www.sslreview.com heavily on Google and Yahoo, the largest search engines on the Internet. The Defendants deliberately promoted www.sslreview.com in order that many actual and prospective purchasers of SSL certificates would come across and ultimately review the materials posted on this web site.

16. The Defendant Bailey and the Defendant GeoTrust used the web site www.sslreview.com to deceive the public by unfairly advertising, promoting and enhancing the reputation of the Defendant GeoTrust's products and services. The Defendants Bailey and GeoTrust engaged in a pattern of false and misleading advertising, defamation, and unfair competition. These Defendants negligently, recklessly, willfully and/or intentionally conspired to divert potential customers away from the Plaintiffs XRAMP Technologies and XRAMP Security in order to sell more of GeoTrust's SSL certificates.

17. The Plaintiffs XRAMP Technologies and XRAMP Security complained about the Defendant GeoTrust's deceptive conduct to its General Counsel and to its Director of Sales of Web Trust Services repeatedly, but to no avail. Not until after the Plaintiffs XRAMP Technologies and XRAMP Security filed a lawsuit against the Defendant Bailey and the Defendant GeoTrust in the United States District Court, Western District of Texas in 2004 did the Defendants Bailey and GeoTrust cease their deceptive and/or willful misconduct, shut down the web site www.sslreview.com, re-direct Internet users to the Defendant GeoTrust's web site, and properly register the domain name sslreview.com to the Defendant GeoTrust.

18. The false, deceptive and disparaging statements made by the Defendant Bailey and the Defendant GeoTrust on its affiliated web site damaged and/or defamed the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security, caused the Plaintiffs to lose actual and/or potential sales, and caused them irreparable damage and harm in their industry.

## IV. CLAIMS FOR RELIEF.

### A. Fraudulent Misrepresentation and Concealment.

19. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-18 of the Complaint as though fully set forth herein.

20. The Defendant Bailey and the Defendant GeoTrust, intentionally and/or recklessly, failed to represent the true origin and authorship of the web site www.sslreview.com and made deceptive, disparaging and/or misleading representations about the products and services offered by the Plaintiffs XRAMP Technologies and XRAMP Security, so as to induce reliance upon these misrepresentations by actual and/or prospective purchasers of SSL certificates.

21. As a result of these false, deceptive and/or reckless representations made by the Defendant Bailey and the Defendant GeoTrust on their affiliated web site, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security was damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

22. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation, plus their costs, interest and attorney's fees, and such other and further relief as may be deemed equitable in the circumstances.

### B. Defamation and Libel.

23. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-22 of the Complaint as though fully set forth herein.

24. The Defendant Bailey and the Defendant GeoTrust, intentionally and/or recklessly, published on their web site www.sslreview.com false, deceptive and/or misleading statements about the products and services offered by the Plaintiffs XRAMP Technologies and XRAMP Security, which statements were disparaging and derogatory.

25. The deceptive, derogatory and/or disparaging misrepresentations about the Plaintiffs XRAMP Technologies and XRAMP Security adversely affected their reputation in both the SSL certificates industry and otherwise, prejudiced the Plaintiffs in their course of operations, and wrongfully tended to deter others from doing business with the Plaintiffs.

26. As a result of these deceptive, disparaging, libelous and/or reckless misrepresentations made by the Defendant Bailey and the Defendant GeoTrust on their affiliated web site, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security was damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

27. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation, plus their costs, interest and attorney's fees, and such other and further relief as may be deemed equitable in the circumstances.

### C. Interference with Advantageous Relation.

28. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-27 of the Complaint as though fully set forth herein.

29. The Defendant Bailey and the Defendant GeoTrust, intentionally, recklessly and/or maliciously made deceptive, disparaging and/or libelous misrepresentations about the products and services offered by the Plaintiffs XRAMP Technologies and XRAMP Security, so as to interfere with the Plaintiffs' advantageous business interests. Such interference was accomplished without legal justification, without a lawful purpose and/or without a lawful means.

30. The Defendant Bailey and the Defendant GeoTrust interfered with the Plaintiffs' legally protected interests for the purpose of harming the Plaintiffs' advantageous reputation and relationships in the SSL certificate industry or otherwise and/or for the purpose of compelling the Plaintiffs' present or prospective customers to withhold their patronage of the Plaintiffs' products and services.

31. As a result of the Defendants' deceptive, reckless and/or libelous misrepresentations on their affiliated web site, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security was damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

32. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation, plus their costs, interest and attorney's fees, and such other and further relief as may be deemed equitable in the circumstances.

### D. Civil Conspiracy.

33. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-32 of the Complaint as though fully set forth herein.

34. The Defendant Bailey and the Defendant GeoTrust entered into a joint plan, and acted in unlawful combination, for the purpose of unjustifiably interfering with the business interests and reputation of the Plaintiffs XRAMP Technologies and XRAMP Security.

35. As a result of the Defendants' joint plan and unlawful combination to make, publish and promote false, deceptive, misleading and/or reckless misrepresentations about the products and services of the Plaintiffs XRAMP Technologies and XRAMP Security, the Plaintiffs' business reputation was damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

36. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation, plus their costs, interest and attorney's fees, and such other and further relief as may be deemed equitable in the circumstances.

### E. Unfair Competition – Violation of Business Protection Statute.

37. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-36 of the Complaint as though fully set forth herein.

38. In the course of trade and commerce, the Defendant Bailey and the Defendant GeoTrust, intentionally and/or recklessly, failed to represent the true origin and authorship of the web site www.sslreview.com and made deceptive, disparaging and/or misleading representations about the products and services offered by the Plaintiffs XRAMP Technologies and XRAMP Security. Such conduct constituted unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of Massachusetts General Laws, Chapter 93A, Section 11.

39. In the circumstances, the unfair methods of competition and/or unfair or deceptive acts or practices of the Defendants Bailey and GeoTrust constituted

willful and knowing violations of the law and of the Plaintiffs' rights and interests under Massachusetts General Laws, Chapter 93A, Section 11.

40. As a result of the Defendants' unfair methods of competition and/or the Defendants' unfair, deceptive, willful and/or knowing acts or practices, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security was damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

41. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation; plus an award of up to three, but not less than two, times the amount of their actual damages; plus their costs, interest and attorney's fees; and such other and further relief as may be deemed equitable in the circumstances.

### F. Lanham Act – Trademark Infringement and Dilution.

42. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-41 of the Complaint as though fully set forth herein.

43. By virtue of the Plaintiffs XRAMP Technologies and XRAMP Security's extensive use, advertising, promotion and sales of their products and services under the trade names and trade marks XRAMP, XRAMP TECHNOLOGIES, and XRAMP SECURITY SERVICES, these names and marks have become famous and have acquired a secondary meaning to and among the public in the United States.

44. The Defendant Bailey and the Defendant GeoTrust, have, intentionally and/or recklessly, used the Plaintiffs' names and marks, on their web site www.sslreview.com and/or in commerce, and have thereby infringed and/or diluted these names and marks within the meaning of Section 32 of the Lanham Act, 15 U.S.C. sec. 1114 and Section 43(c) of the Lanham Act, 15 U.S.C. sec.1125(c).

45. As a result of the Defendants' wrongful use, infringement and/or dilution of the Plaintiffs' trade names and trade marks, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security has been unfairly damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise. The Plaintiffs are entitled to an Order of this Court permanently enjoining the Defendants and their agents, employees and all others acting in concert with them, from ever again committing such unlawful conduct.

46. In the circumstances, the Defendants' wrongful use, infringement and/or dilution of the Plaintiffs' trade names and trade marks, the Defendants' unfair methods of competition and/or their unfair or deceptive acts or practices were willful, therefore the Plaintiffs XRAMP Technologies and XRAMP Security are entitled to the remedies set forth in 15 U.S.C. Section 1117(a).

47. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation; plus an award pursuant to 15 U.S.C. Section 1117(a); plus their costs, interest and attorney's fees; plus permanent injunctive relief and such other and further relief as may be deemed equitable in the circumstances.

### G. Lanham Act – False Advertising and Unfair Competition.

48. The Plaintiffs XRAMP Technologies and XRAMP Security repeat and re-allege each and every allegation contained in Paragraphs 1-47 of the Complaint as though fully set forth herein.

49. The Defendant Bailey and the Defendant GeoTrust, have, intentionally, maliciously, recklessly and/or negligently, misrepresented the nature, characteristics or qualities of the Plaintiffs' goods and services on their web site www.sslreview.com within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. sec.1125(a).

50. The Defendants have made misrepresentations, intentionally or recklessly, for the purpose of diverting trade business away from the competitors of the Defendant GeoTrust, including the Plaintiffs XRAMP Technologies and XRAMP Security. The Defendants' acts and practices constitute false advertising and unfair competition affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(a).

51. As a result of the Defendants' wrongful conduct, the business reputation of the Plaintiffs XRAMP Technologies and XRAMP Security has been unfairly damaged, the Plaintiffs were caused to lose actual and/or potential sales, and the Plaintiffs suffered irreparable damage and harm in the SSL certificates industry and otherwise.

52. The Plaintiffs have no adequate remedy at law for the foregoing willful and wrongful conduct of the Defendants. Unless permanently restrained, the Defendant may continue to cause irreparable injury to the Plaintiffs' reputation and goodwill.

53. In the circumstances, the Plaintiffs are entitled to a Permanent Injunction that prohibits the Defendants and their agents, employees and all others acting in concert with them from, directly or indirectly: a) marketing, circulating, mailing, disseminating or otherwise distributing any material that incorporates any false,

misleading or deceptive statements or misrepresentations, b) engaging in any false advertising or unlawful or unfair competition with Plaintiffs, c) imitating, copying or making unauthorized use of the Plaintiffs' trademarks, or 4) assisting in or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

54. WHEREFORE, the Plaintiffs XRAMP Technologies and XRAMP Security seek monetary damages for loss of actual and/or potential sales and for injury to their business reputation; plus an award pursuant to 15 U.S.C. Section 1125(a); plus their costs, interest and attorney's fees; plus permanent injunctive relief and such other and further relief as may be deemed equitable in the circumstances.

## JURY DEMAND

The Plaintiffs XRAMP Technologies and XRAMP Security hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,
By the Plaintiffs,

*John W. Brister*

John W. Brister, Esq., BBO #057420
Leonard F. Zandrow, BBO #539030
BRISTER & ZANDROW, LLP
268 Summer Street
Boston, MA 02210-1108
617-292-4900
FAX: 617-292-4910

Date: June 29, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **XRAMP TECHNOLOGIES, INC. ET AL. V. GEOTRUST, INC. ET AL.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **05-11374 RCL**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]    NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **JOHN W. BRISTER, BRISTER + ZANDROW, LLP**
ADDRESS  **268 SUMMER ST., BOSTON, MA 02210**
TELEPHONE NO.  **617-292-4900**

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
XRAMP TECHNOLOGIES, INC.
XRAMP SECURITY SERVICES, INC.

(b) County of Residence of First Listed Plaintiff **SAN ANTONIO, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOHN W. BRISTER, BRISTER + ZANDROW LLP
268 SUMMER ST., BOSTON, MA 02210
617-292-9900

## DEFENDANTS
GEOTRUST, INC.
CHRISTOPHER BAILEY

County of Residence of First Listed Defendant **NORFOLK, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1114, 15 USC 1125

Brief description of cause:
FALSE ADVERTISING, UNFAIR COMPETITION, TRADEMARK DILUTION, LIBEL

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$4.5 MILLION**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 6-28-2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ John W. Brister

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____