UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XRAMP TECHNOLOGIES. INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>GEOTRUST, INC. and<br>CHRISTOPHER BAILEY,<br><br>Defendants<br><br>GEOTRUST, INC.<br><br>Counterclaim Plaintiff<br><br>v.<br><br>XRAMP TECHNOLOGIES. INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>Counterclaim Defendants. | Civil Action No. 05-11374RCL |

## ANSWER AND AFFIRMATIVE DEFENSES OF GEOTRUST INC. AND CHRISTOPHER BAILEY AND COUNTERCLAIM OF GEOTRUST, INC.

GeoTrust Inc. ("GeoTrust") and Christopher Bailey ("Mr. Bailey" and together with GeoTrust, the "Defendants") as and for their answer to the Complaint of Xramp Technologies Inc. and Xramp Security Services, Inc. (collectively, "Xramp") respond as follows:

1. The Defendants are without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. The Defendants are without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2.

3. The Defendants admit the allegations in paragraph 3.

4. The Defendants admit that Mr. Bailey is an individual, that he is an employee of GeoTrust, and that he has served as GeoTrust's Vice President of Business Development, but they deny that he currently holds that position. The Defendants admit that Mr. Bailey is a resident of Georgia, but they deny that he is a resident of Atlanta. The allegation that Mr. Bailey is a "Co-Founder" is vague and ambiguous and cannot be admitted or denied. Further answering, the Defendants state that Mr. Bailey is a "co-founder" of GeoTrust is the sense that he was involved in creating GeoTrust's current business, although he was not involved in the formation, or the "founding," of the corporation. The allegation that Mr. Bailey was an agent of GeoTrust states a conclusion of law to which no response is required.

5. Paragraph 5 states conclusions of law to which no response is required.

6. Paragraph 6 states conclusions of law to which no response is required.

7. The Defendants admit the allegations in paragraph 7.

8. The Defendants admit the allegations in paragraph 8, except the allegation that SSL certificates are sold by a "limited number" of entities, which is vague and ambiguous and thus, incapable of being admitted or denied.

9. The allegation in paragraph 9 that the parties sell SSL certificates that are 'functionally equivalent' is vague and ambiguous and therefore, the Defendants cannot answer it. To the extent that allegation requires a response, it is denied. The Defendants are without information

sufficient to admit or deny the allegation about the prices at which the plaintiffs sell their SSL certificates.

10. The Defendants admit that Mr. Bailey registered the domain name www.sslreview.com, and deny the remaining allegations in paragraph 10.

11. The Defendants admit that Mr. Bailey acted within the scope of his employment at GeoTrust. The allegation that Mr. Bailey is a "Co-Founder" of GeoTrust is vague and ambiguous and thus, incapable of being admitted or denied. Further answering, the Defendants state that Mr. Bailey is a "co-founder" of GeoTrust is the sense that he was involved in creating GeoTrust's current business, although he was not involved in the formation, or the "founding," of the corporation. The remaining allegations in paragraph 11 state legal conclusions to which a response is not required. To the extent that a response is required, those allegations are denied.

12. The Defendants admit that GeoTrust approved the content of www.sslreview.com and that Mr. Bailey approved some of the content of the site. The Defendants deny the remaining allegations in paragraph 12.

13. The Defendants admit that Mr. Bailey registered the domain name using his home and personal email addresses, but they deny the remaining allegations in paragraph 13.

14. The Defendants deny the allegations in paragraph 14.

15. The Defendants admit that they advertised www.sslreview on Google and Yahoo and that they promoted the site so that, among other things, actual and prospective purchasers would review the materials posted on the site. The Defendants are without sufficient information to admit or deny the allegation that Google and Yahoo are "the largest search engines of the Internet."

16. The Defendants deny the allegations in paragraph 16.

17. The Defendants admit that representatives of the plaintiffs contacted representatives of GeoTrust about www.sslreview.com, but they deny the remaining allegations in the first sentence of paragraph 17. The Defendants admit that they ceased operating a site at www.sslreview.com on or about July 23, 2004, which is a date after the plaintiffs commenced litigation in Texas. The Defendants admit that after July 23, 2004, visitors to www.sslreview.com were re-directed to GeoTrust's website. The Defendants admit that on or about May 20, 2004 and again on or about July 7, 2004, they sought to transfer the ownership of the domain name www.sslreview.com to GeoTrust. The Defendants deny the remaining allegation in paragraph 17.

18. The Defendants deny the allegations in paragraph 18.

19. The Defendants incorporate by reference their responses to paragraphs 1-19 above as if set forth fully herein.

20. The Defendants deny the allegations set forth in paragraph 20.

21. The Defendants deny the allegations set forth in paragraph 21.

22. Paragraph 22 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 22 contains factual allegations to which a response is required, the allegations are denied.

23. The Defendants incorporate by reference their responses to paragraphs 1-22 above as if set forth fully herein.

24. The Defendants deny the allegations set forth in paragraph 24.

25. The Defendants deny the allegations set forth in paragraph 25.

26. The Defendants deny the allegations set forth in paragraph 26.

27. Paragraph 27 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 27 contains factual allegations to which a response is required, the allegations are denied

28. The Defendants incorporate by reference their responses to paragraphs 1-27 above as if set forth fully herein.

29. The Defendants deny the allegations set forth in paragraph 29.

30. The Defendants deny the allegations set forth in paragraph 30.

31. The Defendants deny the allegations set forth in paragraph 31.

32. Paragraph 32 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 32 contains factual allegations to which a response is required, the allegations are denied

33. The Defendants incorporate by reference their responses to paragraphs 1-32 above as if set forth fully herein.

34. The Defendants deny the allegations set forth in paragraph 34.

35. The Defendants deny the allegations set forth in paragraph 35.

36. Paragraph 36 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 36 contains factual allegations to which a response is required, the allegations are denied.

37. The Defendants incorporate by reference their responses to paragraphs 1-36 above as if set forth fully herein.

38. The Defendants deny the allegations set forth in paragraph 38.

39. The Defendants deny the allegations set forth in paragraph 39.

40. The Defendants deny the allegations set forth in paragraph 40.

41. Paragraph 41 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 41 contains factual allegations to which a response is required, the allegations are denied.

42. The Defendants incorporate by reference their responses to paragraphs 1-41 above as if set forth fully herein.

43. The Defendants deny the allegations set forth in paragraph 43.

44. The Defendants deny the allegations set forth in paragraph 44.

45. The Defendants deny the allegations set forth in paragraph 45.

46. The Defendants deny the allegations set forth in paragraph 46.

47. Paragraph 47 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 47 contains factual allegations to which a response is required, the allegations are denied

48. The Defendants incorporate by reference their responses to paragraphs 1-47 above as if set forth fully herein.

49. The Defendants deny the allegations set forth in paragraph 49.

50. The Defendants deny the allegations set forth in paragraph 50.

51. The Defendants deny the allegations set forth in paragraph 51.

52. The Defendants deny the allegations set forth in paragraph 52.

53. The Defendants deny the allegations set forth in paragraph 53.

54. Paragraph 54 purports to state the plaintiffs' claim for relief and therefore no response is required. To the extent that paragraph 54 contains factual allegations to which a response is required, the allegations are denied.

## FIRST DEFENSE

The complaint fails to states a claim upon which relief may be granted.

## SECOND DEFENSE

The acts complained of in the Complaint do not have a sufficient connection to Massachusetts to support a claim under Mass. Gen. L. ch. 93A.

## THIRD DEFENSE

The statements attributed to the Defendants, to the extent they were made, were true.

## FOURTH DEFENSE

The Plaintiffs have suffered no actual damages as a result of any of the actions complained of in the Complaint.

## FIFTH DEFENSE

The acts complained of caused no actual confusion.

## SIXTH DEFENSE

The plaintiffs' suffered no lost sales or other revenue as a result of the acts complained of in the Complaint.

## SEVENTH DEFENSE

The plaintiffs' claims are barred by the doctrine of unclean hands.

## EIGTHTH DEFENSE

At all relevant times, the Defendants acted in good faith and without malice.

## NINTH DEFENSE

The plaintiffs have not been injured or harmed by the Defendant's alleged actions or inactions.

## TENTH DEFENSE

The plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

WHEREFORE, the Defendants pray that the Court:

1. Enter judgment in favor of the Defendants;

2. Dismiss the plaintiffs' claims;

3. Award to the Defendants their fees, costs and expenses incurred in connection with this claim; and

4. Award to the Defendants other and further relief as is just and proper.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, GeoTrust Inc. states for its counterclaim against Xramp Technologies Inc. and Xramp Security Services, Inc. (collectively, "Xramp") as follows:

1. GeoTrust is a Delaware corporation with a principal place of business in Massachusetts.

2. Xramp Technologies is, upon information and belief, a Texas Corporation with a principal place of business in San Antonio Texas.

3. Xramp Security Services, Inc. is, upon information and belief, a Texas Corporation with a principal place of business in San Antonio Texas.

4. Upon information and belief, Xramp Technologies Inc. and Xramp Securities Services, Inc. operate under common ownership and management and, at all times material to this case, pursued a coordinated, if not identical, marketing and business strategy for their mutual benefit.

5. GeoTrust and Xramp are involved in the business of providing goods and services that allow web site operators to securely transmit data over the Internet. The accepted method

for transmitting confidential information over the Internet is to creating an encrypted link between a web server and a web browser using the Secure Sockets Layer, or "SSL," protocol. The SSL protocol requires that a web site operator have an SSL certificate, which provides information about the web site operator and its encryption methodology.

6. GeoTrust is a Certificate Authority, or "CA." It provides SSL certificates to the operators of web sites. Xramp also sells SSL certificates. For at least some period of time, Xramp was also a CA and/or a "reseller" of SSL certificates provided by another CA.

7. SSL certificates typically expire at agreed upon periods of time, after which a website operator must renew the certificate. GeoTrust customers very frequently renew their SSL certificates with GeoTrust or with authorized GeoTrust resellers upon expiration.

8. At various times, Xramp has sent unsolicited, untruthful and deceptive emails to GeoTrust customers. In these email messages, Xramp informed GeoTrust customers that their GeoTrust SSL certificates were about to expire and invited the user to "renew" their SSL certificate by following computer prompts. For example, one such email from Xramp to a GeoTrust customer stated: "I was on your website and noticed that your SSL certificate . . . will expire in a little more than 4 weeks . . . I thought you may want to know that you can renew your existing GeoTrust certificate with our company for less than $60 per year. . . ."

9. At no time was Xramp ever authorized to sell GeoTrust SSL certificates. Nonetheless, recipients of Xramp's email believed, reasonably, that if they elected to "renew" their SSL certificate as Xramp invited them to do, they would purchase another SSL certificate from GeoTrust. In fact however, if a user followed the prompts as Xramp encouraged it to, the user purchased a SSL certificate from Xramp, not GeoTrust.

10. Nowhere in these emails did Xramp disclose that if the user in fact "renewed" its SSL certificate as the Xramp email suggested, the user would be purchasing an SSL certificate from Xramp and not GeoTrust.

11. Therefore, these email messages were intentionally untruthful, deceptive and/or misleading. They caused GeoTrust customers who intended to purchase SSL certificates from GeoTrust to purchase the certificates from Xramp.

12. As a result, GeoTrust lost sales and service revenue and was otherwise damaged.

## COUNT I

### Interference With Advantageous Relations

13. GeoTrust incorporates by reference the allegations set forth in paragraphs 1-12 above as if set forth fully herein.

14. GeoTrust had a commercial relationship with a substantial customer base of Internet website operators. It is generally the case that upon the expiration of SSL certificates, existing GeoTrust customers renew their SSL certificates with GeoTrust, either directly or through resellers of GeoTrust products.

15. Xramp knew about GeoTrust's relationship with its customers, including the propensity for existing GeoTrust customers to renew their SSL certificates with GeoTrust.

16. Xramp sent untrue and misleading email messages to GeoTrust customers intended to interfere with GeoTrust's relationship with existing and prospective customers.

17. As a result, GeoTrust lost sales, business opportunities and suffered other damages to be proved at trial.

## COUNT II – Deceptive Trade Practices

### Violation of Mass. Gen. L. Ch. 93A

18. GeoTrust incorporates the allegations in paragraphs 1-17 above as if set forth fully herein.

19. The activities complained of herein were specifically directed at, and caused substantial harm to a Massachusetts company.

20. The acts complained of herein were intended to deceive and in fact did deceive consumers and caused actual damages to GeoTrust in an amount to be proved at trial.

21. Those acts constitute an unfair and deceptive trade practice as prohibited by Mass. Gen. L. ch. 93A, Section 11.

## COUNT III – False Advertising

### Violation of the Lanham Act, 15 U.S.C. Section 1125(a)

22. GeoTrust incorporates the allegations in paragraphs 1-21 above as if set forth fully herein.

23. Xramp intentionally made misrepresentations of material fact for the purpose of diverting business from GeoTrust and to Xramp.

24. Xramp's misrepresentations had the effect of causing confusion in the market place and causing actual and prospective GeoTrust customers to mistakenly buy goods and services from Xramp when those customers intended to buy from GeoTrust.

25. GeoTrust has suffered actual money damages in an amount to be proved at trial.

26. Therefore, Xramp has violated the Lanham Act, 15 U.S.C. § 1125(a) and is liable to GeoTrust in an amount to be proved at trial. .

WHEREFORE, GeoTrust prays that the Court enter the following relief:

1. Award money damages to GeoTrust in an amount to be proved at trial, with interest as provided by law;

2. Award to GeoTrust treble damages;

3. Award to GeoTrust its attorneys fees incurred in this case;

4. Permanently enjoin Xramp from the activities described herein; and

5. Award such other and further relief as is just and proper.

### JURY DEMAND

GeoTrust and Mr. Bailey claim a jury trial for all issues so triable.

GEOTRUST, INC. and
CHRISTOPHER BAILEY

By their attorneys,

_____
Daniel P. Tighe (BBO# 556583)
Griesinger, Tighe & Maffei, LLP
176 Federal St.
Boston, MA 02110
(617) 617-6018

Date: August 26, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand/facsimile on: 8/26/05

_____