IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>GEOTRUST, INC., and<br>CHRISTOPHER BAILEY<br><br>　　　　　　　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | NO. 05-11374 RCL<br><br>BBO #057420<br>　　　#539030 |

| | |
|---|---|
| GEOTRUST, INC.,<br>　　　Counterclaim Plaintiff,<br><br>v.<br><br>XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br>　　　Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF XRAMP TECHNOLOGIES, INC. AND XRAMP SECURITY SERVICES, INC. TO COUNTERCLAIM OF GEOTRUST, INC.

XRAMP Technologies, Inc. ("XRAMP Technologies") and XRAMP Security Services, Inc. ("XRAMP Security") as and for their answer to the Counterclaim of GeoTrust, Inc. ("GeoTrust") respond as follows:

1. The defendants in counterclaim admit the allegations in paragraph 1 of the counterclaim.

1

2. The defendants in counterclaim admit the allegations in paragraph 2 of the counterclaim.

3. The defendants in counterclaim admit the allegations in paragraph 3 of the counterclaim.

4. Paragraph 4 of the counterclaim states conclusions of law to which no response is required.

5. The defendants in counterclaim admit the allegations in paragraph 5 of the counterclaim.

6. The defendants in counterclaim admit the allegations in paragraph 6 of the counterclaim.

7. The defendants in counterclaim admit the allegations in the first sentence of paragraph 7 of the counterclaim. The defendants in counterclaim are without information sufficient to admit or deny the allegations in the second sentence of paragraph 7 of the counterclaim.

8. The defendants in counterclaim deny the allegations in paragraph 8 of the counterclaim. Further, answering the defendants in counterclaim state that the email messages quoted by the plaintiffs in counterclaim are cited incompletely and out of context and that any communications they may have made were not untruthful nor deceptive.

9. The defendants in counterclaim deny the allegations in paragraph 9 of the counterclaim.

10. The defendants in counterclaim deny the allegations in paragraph 10 of the counterclaim.

11. The defendants in counterclaim deny the allegations in paragraph 11 of the counterclaim.

12. The defendants in counterclaim deny the allegations in paragraph 12 of the counterclaim.

## COUNT I

13. The defendants in counterclaim incorporate by reference their responses to paragraphs 1-12 above as if set forth fully herein.

14. The defendants in counterclaim are without information sufficient to admit or deny the allegations in paragraph 14 of the counterclaim.

15. The defendants in counterclaim deny the allegations in paragraph 15 of the counterclaim.

16. The defendants in counterclaim deny the allegations in paragraph 16 of the counterclaim.

17. The defendants in counterclaim deny the allegations in paragraph 17 of the counterclaim.

### COUNT II

18. The defendants in counterclaim incorporate by reference their responses to paragraphs 1-17 above as if set forth fully herein.

19. The defendants in counterclaim deny the allegations in paragraph 19 of the counterclaim.

20. The defendants in counterclaim deny the allegations in paragraph 20 of the counterclaim.

21. The defendants in counterclaim deny the allegations in paragraph 21 of the counterclaim.

### COUNT III

22. The defendants in counterclaim incorporate by reference their responses to paragraphs 1-21 above as if set forth fully herein.

23. The defendants in counterclaim deny the allegations in paragraph 23 of the counterclaim.

24. The defendants in counterclaim deny the allegations in paragraph 24 of the counterclaim.

25. The defendants in counterclaim deny the allegations in paragraph 25 of the counterclaim.

26. The defendants in counterclaim deny the allegations in paragraph 26 of the counterclaim.

### FIRST DEFENSE

The counterclaim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The acts complained of in the counterclaim do not have a sufficient connection to Massachusetts to support a claim under G. L. c. 93A.

### THIRD DEFENSE

The statements attributed to the defendants in counterclaim, to the extent that they were made, were true and/or were not misleading.

### FOURTH DEFENSE

The plaintiff in counterclaim has not suffered any actual damages as a result of any of the actions complained of in the counterclaim.

### FIFTH DEFENSE

The acts complained of in the counterclaim did not reasonably cause any confusion.

### SIXTH DEFENSE

The plaintiff in counterclaim did not suffer any lost sales or other revenue as a result of the acts complained of in the counterclaim.

### SEVENTH DEFENSE

The plaintiff's counterclaim is barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

At all relevant times, the defendants in counterclaim acted in good faith and without malice.

### NINTH DEFENSE

The plaintiff in counterclaim has not been injured or harmed by any of the actions or omissions of the defendants in counterclaim.

### TENTH DEFENSE

The claims of the plaintiff in counterclaim are barred, in whole or part, by the applicable statute of limitations.

WHEREFORE, the defendants in counterclaim pray that the Court:

1. Enter a judgment in favor of the defendants in counterclaim,

2. Dismiss the counterclaim in its entirety,

3. Award to the defendants in counterclaim their fees, costs and expenses incurred in connection with the counterclaim, and

4. Award the defendants in counterclaim such other and further relief as may be deemed fair and equitable in the circumstances.

## JURY DEMAND

XRAMP Technologies and XRAMP Security hereby demand a trial by jury as to all issues in the counterclaim that are so triable.

Respectfully submitted,
By the defendants in counterclaim,

John W. Brister, Esq., BBO #057420
Leonard F. Zandrow, BBO #539030
BRISTER & ZANDROW, LLP
268 Summer Street
Boston, MA 02210-1108
617-292-4900
FAX: 617-292-4910

Date: September 15, 2005

## CERTIFICATE OF SERVICE

I, John W. Brister, counsel for the plaintiffs/defendants in counterclaim, hereby certify that on this 15th day of September, 2005, I caused to be served a true copy of the foregoing document, Answer and Affirmative Defenses of Xramp Technologies, Inc. and Xramp Security Services, Inc. to Counterclaim of Geotrust, Inc., upon the plaintiff in counterclaim by mailing same, first class mail, postage prepaid, to all counsel of record:

Daniel P. Tighe, BBO #556583
COUNSEL FOR PLAINTIFF IN COUNTERCLAIM
Griesinger, Tighe, & Maffei, LLP
176 Federal Street
Boston, MA 02110
Tel: 617-617-6018

John W. Brister