UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XRAMP TECHNOLOGIES. INC. and<br>XRAMP SECURITY SERVICES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GEOTRUST, INC. and<br>CHRISTOPHER BAILEY,<br><br>    Defendants.<br><br>GEOTRUST, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>XRAMP TECHNOLOGIES. INC. and<br>XRAMP SECURITY SERVICES, INC.,<br><br>    Counterclaim Defendants. | Civil Action No. 05-11374-RCL |

**GEOTRUST, INC.'S OPPOSITION TO XRAMP'S CROSS-
MOTION FOR PROTECTIVE ORDER**

GeoTrust, Inc. ("GeoTrust") hereby opposes the cross-motion for a protective order filed by XRamp Technologies Inc. and XRamp Security Services, Inc. (collectively, "XRamp") as part of its Response to GeoTrusts's Motion to Compel the Production of Documents and Interrogatory Answers and Cross Motion for Protective Order filed on March 31, 2006 (XRamp's Cross- Motion). XRamp's Cross-Motion seeks to protect information that is not properly shielded from discovery under Fed. R. Civ. P. 26 (c).

XRamp's Cross-Motion is directed at documents related to two contracts that XRamp contends are confidential.  Because neither Rule 26 (c) nor any case law allows a party to escape its discovery obligations by simply asserting that an otherwise discoverable document contains a 'confidentiality' provision, the XRamp's Cross-Motion should be denied.

### A.    The Disputed Documents.

XRamp's Cross-Motion relates to: (a) documents related to its settlement of litigation brought against it in the Western District of Texas by a company called Verisign, Inc,; and (b) a contract between XRamp and a company called GlobalSign.  See XRamp Cross-Motion at 3.

The Verisign Litigation documents were requested because Verisign alleged in that case the same activities that are alleged in GeoTrust's counterclaim.  XRamp had refused to produce its settlement agreement with Verisign and any related documents (including even a judgment entered by the Court based on the parties' settlement agreement) because of an alleged confidentiality provision in the agreement.[1]

The GlobalSign agreement was requested because it will tend to show that one of the GeoTrust statements that XRamp claims was false and misleading was, in fact, true.   XRamp claims that GeoTrust falsely implied that XRamp did not own its own 'root certificate.' GeoTrust believes that that statement was truthful because, as the GlobalSign contract will show, at the time the statement was made, XRamp's root certificate was in fact provided by GlobalSign.  .XRamp has refused to produce the GlobalSign contract allegedly based on a confidentiality provision in the contract.

---

[1] GeoTrust believes that that agreement – which apparently includes an agreement for judgment – and/or the resulting judgment may have dispositive collateral estoppel effect on the counterclaims in this case

2

**B.    XRamp's Belated Efforts at Obtaining the Consent of Verisign and Global Sign.**

As explained in the GeoTrust's Motion to Compel, the Verisign and GlobalSign documents were first requested by GeoTrust in a Document Request dated December 1, 2005 (although those documents were probably required to be produced on November 23, 2005 as part on XRamp's Initial Disclosures due under Fed. R. Civ. P. 26(a)(1)).

Nonetheless, XRamp waited until March 31, 2006 ( *four months after the initial request and two weeks after a motion to compel was filed*) to write to GlobalSign and Verisign to notify them about GeoTrust's efforts to obtain the documents and to invite them to object to the production of that information.  See  XRamp Cross-Motion, Exhibits C and E.

Nonetheless, after such a long delay in inviting GlobalSign and Verisign to object, XRamp asks that the Court issue a protective order until GlobalSign and Verisign have 'had a reasonable opportunity to object." XRamp Cross-Motion at 4.   Neither Verisign nor GlobalSign have appeared to object o the production of this information.  Moreover, the timing of XRamp's invitation to them makes obvious that the Cross-Motion is not a good faith effort to timely resolve the issues presented by the confidentiality issues.  If XRamp wanted to provide a fair opportunity for Verisign and GlobalSign to object, it should have told them about this issue when it first arose last December.

**C.    The Court Should Deny the Cross-Motion.**

In Kleinerman v. U.S. Postal Service**,** 100 F.R.D. 66 (D. Mass. 1983), this Court stated the general principle that:

> "**[t]rade secrets and other confidential commercial information enjoy no privilege from disclosure** although courts may choose to protect such information." ...  Although a defendant may have a legitimate interest in protecting its trade secrets, "that interest must yield to the right of the plaintiff to discover the full truth of the

3

>facts involved in the issues of the case ... [where] the issues cannot
>be fairly adjudicated unless this information is available." …

Id. at 69 (emphasis added; citations omitted).  Even in cases involving *technical trade secrets*, which this case does not, courts have required the production of relevant information.  See Kleinerman 100 F.R.D at 69 ("plaintiff should be able to discover MMC's technical reports, MMC's technical proposals, the correspondence between MMC and USPS on the contract and the evaluation reports of MMC's work," where "defendants have not persuaded me that their need to keep these documents confidential outweighs plaintiff's need for the information they contain."); see also Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co., 107 F.R.D. 288, 293 (D. Del. 1985) ("A survey of the relevant case law reveals that discovery is virtually always ordered once the movant has established that the secret information is relevant and necessary.").

In this case, XRamp does not even try to explain why the information it seeks to protect is secret.  It merely states that a contractual provision would restrict its distribution.  Simply put, XRamp should not be allowed to hide behind a contractual non-disclosure provision to avoid its discovery obligations.

**Conclusion**

For all of the above reasons, GeoTrust requests this Court deny XRamp's Cross-Motion and allow GeoTrust's motion to compel (which, notwithstanding XRamp's contentions to the contrary, is not made moot by XRamp's alleged 'substantial compliance').

                GEOTRUST, INC. and
                CHRISTOPHER BAILEY,

                By their attorneys,

                \_\_\_\_/s/\_Daniel P. Tighe_____
                Daniel P. Tighe (BBO # 556583)
                Scott McConchie (BBO # 634127)
                Griesinger, Tighe & Maffei, LLP
                176 Federal Street
                Boston, MA 02110
                (617) 542-9900

Dated:  April 14, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 14, 2006.

                \_\_\_\_/s/\_Daniel P. Tighe_____
                      Daniel P. Tighe