UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>GEOTRUST, INC. and<br>CHRISTOPHER BAILEY,<br><br>    Defendants.<br><br>GEOTRUST, INC.,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>    Counterclaim Defendants. | Civil Action No. 05-11374RCL |

## JOINT MOTION TO ENTER STIPULATED PROTECTIVE ORDER

The parties in the above-captioned case jointly move this Court for the entry of a Protective Order to govern discovery and confidentiality in this case.

As grounds for this motion, the parties state that, among other things, discovery in this case will require the disclosure of confidential information. The proposed Protective Order will allow parties and non-parties to comply with discovery requests to the fullest extent possible without compromising confidentiality concerns, and sets out a procedure allowing both parties access to and use of discoverable confidential information.

The proposed Protective Order is attached hereto as Exhibit A.

WHEREFORE, the parties respectfully request that the Court enter a protective order in the form of the proposed Protective Order, filed herewith.

Respectfully submitted,

| | |
|---|---|
| XRAMP TECHNOLOGIES, INC. and XRAMP SECURITY SERVICES, INC. | GEOTRUST, INC. and CHRISTOPHER BAILEY |
| By their attorneys, | By their attorneys, |
| /s/ John W. Brister | /s/ Daniel Tighe |
| John W. Brister (BBO 057420) | Daniel P. Tighe (BBO 556583) |
| Leonard F. Zandrow (BBO 539030) | Scott McConchie (BBO 634127) |
| BRISTER & ZANDROW, LLP | Griesinger, Tighe & Maffei, LLP |
| 268 Summer St. | 176 Federal St. |
| Boston, MA 02210-1108 | Boston, MA 02110 |
| (617) 292-4900 | (617) 542-9900 |
| (617) 292-4910 (fax) | (617) 542-0900 (fax) |

Dated: June 5, 2006

Certificate of Service

The undersigned certifies that this document is being filed through the ECF system on June 5, 2006, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those persons, if any, indicated as not-registered participants.

/s/ Scott McConchie
Scott McConchie

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XRAMP TECHNOLOGIES, INC. and )<br>XRAMP SECURITY SERVICES, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GEOTRUST, INC. and )<br>CHRISTOPHER BAILEY, )<br>)<br>Defendants. )<br>)<br>GEOTRUST, INC., )<br>)<br>Counterclaim Plaintiff, )<br>)<br>v. )<br>)<br>XRAMP TECHNOLOGIES, INC. and )<br>XRAMP SECURITY SERVICES, INC. )<br>)<br>Counterclaim Defendants. )<br>) | Civil Action No. 05-11374RCL |

## PROTECTIVE ORDER

The Court has determined that an appropriate Protective Order is necessary in order to govern discovery proceedings in this action. Therefore, it is ORDERED that:

1. <u>Scope</u>. This Protective Order shall apply to all information, documents and things subject to discovery in this action produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and

things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to request for admission as well as any and all copies, abstracts, digests, notes and summaries thereof (collectively referred to as "Discovery Materials").

    2.    <u>Designation of Confidentiality</u>.  Any party to this action and any person producing Discovery Material in connection with this action may designate as "Confidential" any Discovery Material that has been maintained as confidential and contains a trade secret or other confidential information (collectively referred to as "Confidential Material").  No designation shall be made unless counsel for the party producing the Discovery Material believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.  Discovery Material may be designated as Confidential Material within the meaning of this Protective Order in the following ways:

    a.    In the case of documents and the information contained therein, designation shall be made by means of the following legend placed on any such document:  "CONFIDENTIAL."

    b.    In the case of interrogatory answers and the information contained therein, designation shall be made by means of a statement in each answer specifying the answer or part thereof designated as Confidential Material or by means of a statement at the conclusion of such answers specifying the answers or parts thereof designated as Confidential Material.  The following legend shall be placed on the front of any set of interrogatory answers containing Confidential Material:  "CONTAINS CONFIDENTIAL

MATERIAL. Designated parts not to be used, copied or disclosed except as authorized by court order."

    c.    All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as Confidential Material for a period of thirty-five (35) days following receipt of a transcript of the deposition. Within said thirty-five (35) days, counsel for any party to this action and/or counsel for the deponent may designate certain, if any, pages of the transcript as "Confidential" by notifying all counsel of record in writing of said designation, and thereafter such pages shall be treated as Confidential Material. Counsel for each party shall be responsible for making the designated exhibits and pages of copies of the transcript in their possession with the legend specified in paragraph 2(a) above. Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no such designation is made by counsel within thirty-five (35) days after receipt of the transcript by counsel for the deponent, the transcript shall be considered not to contain Confidential Material. Use at deposition of a document previously designated as Confidential Material shall have no effect on its designation.

    d.    It is preferred that the designation of Confidential Material shall be made prior to, or contemporaneously with, the production or disclosure of the information. A party or non-party having produced or disclosed information without designating it Confidential Material may later designate such information as Confidential Material by giving appropriate notice. Under such circumstances, however, no receiving party shall have any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice.

2. <u>Use of Confidential Material</u>.  Confidential Material shall be used by the receiving person solely for the purpose of conducting this action, styled <u>XRamp, et al v. GeoTrust, et al C.A. No. 11374-RCL</u> but not for any business or other purpose whatsoever, whether directly or indirectly.  Nothing contained in this Protective Order shall preclude a party or non-party from using or disseminating its own Confidential Material.

4. <u>Disclosure of Confidential Material</u>.  Confidential Material shall not be made public or disclosed to anyone other than to the following persons:

a. Outside counsel and in house counsel actively involved in the above-entitled litigation, and legal assistants, investigative, litigation support services, secretarial and clerical personnel who are engaged in assisting counsel in the above-entitled action;

b. Any expert, and employees and assistants under the control of such an expert, who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, (2) is not regularly employed by or associated with a party hereto and whose advice and consultations are being or will be used by a party hereto only in connection with this action, and (3) has read this Protective Order and signed an undertaking in the form of Exhibit A attached hereto;

c. Any person who authored or has previously received the particular Confidential Material sought to be disclosed to that person, but only after that person has read this Protective Order and signed an undertaking in the form of Exhibit A attached hereto;

4

  d. Officers of each party, provided that such officers review the Confidential Material only for the purpose of becoming informed of information that may be relevant to decisions such officers may make in connection with this action; and

  e. Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony.

  5. <u>Rendering Advice of Counsel</u>.  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his examination of Confidential Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the substance of or the specific contents or source of any Confidential Material produced by the other party or another person.

  6. <u>Objections to Designations</u>.  The failure of any party to object to the designation of information as "Confidential" at the time of its designation shall not be deemed a waiver of its right to challenge the propriety of such designation at any time thereafter.  Should counsel object to the designation by a party of any information as "Confidential," counsel shall notify opposing counsel of the objections.  If notice of such objection is received at any time, counsel shall promptly confer in an attempt to resolve the matter.  If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed.  If no such application is made, the material will remain as designated.  Any information which has been produced and designated as "Confidential" but which is subject to a dispute as to its proper designation, shall, under order of the Court, be treated as "Confidential" pending

resolution of the dispute. It shall be the burden of the party making the "Confidential" designation to prove that the materials in dispute merit confidential treatment under this Order.

This Protective Order shall not foreclose a party from moving this Court for an order that Confidential Material within the meaning of this Protective Order is, in fact, not confidential or otherwise protected under Federal Rule of Civil Procedure 26(c). In addition, this Protective Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

7. <u>Use of Confidential Material</u>. Confidential Material shall not be made public. To the extent that it is necessary to file Confidential Material with the Court in connection with proceedings in this action, the party wishing to file any such Confidential Material, prior to or simultaneously with filing Confidential Material, shall on each occasion move, pursuant to Local Rule 7.2, for an order of impoundment. Such Confidential Material shall be filed with the Clerk of the Court in sealed envelopes marked with the caption of the case and the notation "CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT," or as otherwise directed by the Court.

8. <u>Inadvertent Disclosures.</u> The inadvertent or mistaken production of documents subject to the attorney client privilege or work product doctrine shall not constitute a general or specific waiver of the right of the party that made the production to contend that such information or documents are protected from discovery by the attorney client privilege or work product doctrine and to seek the return of such documents. In the

event that a party makes an inadvertent or mistaken disclosure of such information or documents, the party that made the disclosure shall promptly notify the other party of the disclosure and specifically identify by Bates number the documents that were inadvertently or mistakenly disclosed.  The party that received the identified documents may not thereafter use the documents in any manner unless permission from this Court to use such documents has been granted.  Nothing in this paragraph precludes the party who received the documents from claiming that the documents are not privileged or subject to the work product doctrine.

      9.    <u>Secure Storage</u>.  The recipient of Confidential Material shall store such confidential information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraph 4) of such information, documents or things.

      10.    <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any other type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition.  Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any Discovery Material, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings.

      11.    <u>Return of Materials</u>.  Within thirty (30) days after the conclusion of the above-entitled action, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving plaintiff and defendant, thirty (30) days after

the conclusion of that action), all Confidential Material shall be returned to counsel who produced it or destroyed, in which case the party destroying it shall certify that it has been destroyed.  As to those materials which contain or reflect Confidential Material, but which constitute or reflect counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the party that disclosed the Confidential Material or an Order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order during the course of this action.  Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph and shall notify opposing counsel when compliance is complete.  Nothing herein shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even if those pleadings or papers contain or reflect Confidential Material; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

    12.  <u>Continuing Effect</u>.  Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding.  Participation by any party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by any party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of this Court.

13.     This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

**IT IS SO ORDERED:**

_____    _____
Date                                                                  United States District Judge

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>   Plaintiffs,<br><br>v.<br><br>GEOTRUST, INC. and<br>CHRISTOPHER BAILEY,<br><br>   Defendants.<br><br>GEOTRUST, INC.,<br><br>   Counterclaim Plaintiff,<br><br>v.<br><br>XRAMP TECHNOLOGIES, INC. and<br>XRAMP SECURITY SERVICES, INC.<br><br>   Counterclaim Defendants. | Civil Action No. 05-11374RCL |

## DECLARATION AND AGREEMENT
## TO BE BOUND BY THE PROTECTIVE ORDER

In consideration of the disclosure to me of certain information which is subject to a Protective Order, I agree as follows:

1. I have read the Protective Order governing the confidentiality of information produced in this litigation and I agree to be bound by its terms.

2. I will not reveal the information designated as "Confidential" to anyone, except as allowed by the Protective Order. I will maintain all such information designated as "Confidential" including copies, notes or other transcriptions made therefrom, in a secure

-2-

manner to prevent unauthorized access to it. Such information designated as "Confidential" shall be used for purposes of this litigation only.

    3.    I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Dated: _____       _____
                                                                                        Name:
                                                                                      Address: